UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LAWAN FLOYD,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BLUE IVORY RESTAURANT, LLC and TREDERICK GRAY,**<br><br>**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Lawan Floyd, by and through her attorneys, herein asserts a claim against Defendants Blue Ivory Restaurant, LLC and Trederick Gray for due but unpaid minimum and overtime wages, showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Plaintiff seeks to recover unpaid minimum and overtime wages from her former employers who paid her only tips in her employment as a bartender.

**Jurisdiction and Venue**

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants conduct business in this judicial district, all the events giving rise to the claims herein arose in this judicial district, and Defendant Gray resides within this judicial district.

**Parties**

4.

Plaintiff is a natural person residing in DeKalb County, Georgia.

5.

Defendant Blue Ivory Restaurant, LLC is a domestic corporation existing under the laws of the State of Georgia. Blue Ivory may be served with process via service on its registered agent Alexandria Davis, 599 Whitehall Street, Atlanta, Fulton County, Georgia 30303.

6.

Blue Ivory is subject to the personal jurisdiction of this Court.

7.

Defendant Trederick Gray is a natural person and may be served with process at his residence in Atlanta, Fulton County, Georgia, or wherever he may be found.

8.

Gray is subject to the personal jurisdiction of this Court.

9.

Defendants own and operate a business enterprise known as Blue Ivory Restaurant and Lounge in Atlanta, Fulton County, Georgia.

10.

Plaintiff worked as a bartender at Blue Ivory Restaurant and Lounge from late-December 2014 through December 10, 2016 (hereinafter "the Relevant Time Period").

11.

Alexandria Davis is the registered agent for Blue Ivory, and the company's liquor license application indicates that she is the owner and manager of Blue Ivory, but these representations are fraudulent. Davis has never had any ownership interest in Blue Ivory and at all times its actual owner and manager has been Defendant Gray.

12.

On information and belief, Davis held herself out as the owner and manager of Blue Ivory because Gray is a convicted felon who legally is not permitted to hold the company's liquor license in his own name.

## Enterprise Coverage Under the FLSA

13.

In 2014, Blue Ivory had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

In 2015, Blue Ivory had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

In 2016, Blue Ivory had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

On information and belief, Defendants vastly underreported Blue Ivory's revenues and profits in the Company's federal tax filings for each year during the Relevant Time Period.

17.

In each year during the Relevant Time Period, two more employees of Blue Ivory, including Plaintiff, used or handled the following items that moved in interstate

commerce that are necessary for performing its commercial purpose: foodstuffs, liquor, beer, kitchen equipment, chairs, tables, and paper products.

18.

During 2014, Blue Ivory had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2015, Blue Ivory had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, Blue Ivory had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Blue Ivory was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During 2015, Blue Ivory was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

During 2016, Blue Ivory was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

At all times during the Relevant Time Period, Defendants compensated Floyd on a tips-only basis.

**Corporate Employer Under the FLSA**

25.

Blue Ivory operates a restaurant and lounge primarily engaged in serving food and drink providing musical entertainment.

26.

At all times during the Relevant Time Period, Blue Ivory has provided all facilities used in the performance of Plaintiff's bartender work.

27.

At all times during the Relevant Time Period, Plaintiff's bartender work has been an integral part of Blue Ivory's business operation.

28.

At all times during the Relevant Time Period, Plaintiff's bartender work required no special skill.

29.

At all times during the Relevant Time Period, Plaintiff's work relationship with Blue Ivory was long-term or permanent in nature.

30.

At all times during the Relevant Time Period, Blue Ivory has controlled the manner in which Plaintiff's bartender work was performed.

31.

At all times during the Relevant Time Period, Plaintiff's had no opportunity for profit and loss based on her managerial skill in connection with her work at Blue Ivory.

32.

At all times during the Relevant Time Period, Plaintiff was an "employee" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with her bartender work at Blue Ivory as a matter of economic reality.

33.

At all times during the Relevant Time Period, Blue Ivory was Plaintiffs' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

## Individual Employer Under the FLSA

34.

At all times during the Relevant Time Period, Gray acted directly or indirectly in the interest of Blue Ivory in his interactions with Plaintiff, and he controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

35.

Specifically, Gray was and is the owner of Blue Ivory, and at all relevant times has had the highest-level management authority at Blue Ivory.

36.

At all times during the Relevant Time Period, Gray had authority and exercised control over the finances and operations of Blue Ivory.

37.

At all times during the Relevant Time Period, Gray exercised managerial authority and control over the day-to-day business of Blue Ivory, including Plaintiff and other food service staff.

38.

At all times during the Relevant Time Period, Gray exercised ultimate control over hiring and firing Blue Ivory's employees, including Plaintiff.

39.

At all times during the Relevant Time Period, Gray controlled employee work schedules and conditions of employment of Plaintiff.

40.

At all times during the Relevant Time Period, Gray determined the pay rate of Plaintiff and other Blue Ivory food service staff.

41.

At all times during the Relevant Time Period, Gray had authority and control over Blue Ivory's policy of requiring Plaintiff and other food service staff to work for tips only.

42.

At all times during the Relevant Time Period, Gray was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FLSA Non-Exempt Status and FLSA Violations**

43.

At all times during the Relevant Time Period, Plaintiff was not subject to any exemption from the minimum wage pay requirements of the FLSA.

44.

At all times during the Relevant Time Period, Plaintiff was not subject to any exemption from the overtime wage pay requirements of the FLSA.

45.

During the vast majority of workweeks during the Relevant Time Period, Plaintiff worked for Defendants in excess of 40 hours per week.

46.

At all times during the Relevant Time Period, Defendants paid Plaintiff no wages whatsoever.

**Willfulness and Good Faith**

47.

Defendants knew or should have known that their failure to pay Plaintiff any wages violated the FLSA's minimum wage and overtime wage provisions.

48.

In requiring Plaintiff to work for tips only, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice is permitted under the FLSA.

49.

In requiring Plaintiff to work for tips only, Defendants have not relied on any legal advice indicating that such practice is permitted under the FLSA.

50.

Defendants' failure to compensate Plaintiff at no less than the federal minimum wage during each workweek in the Relevant Time Period was willful within the meaning of 29 U.S.C. § 255(a).

51.

Defendants' failure to compensate Plaintiff at no less than the federal minimum wage during each workweek in the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

52.

Defendants' failure to compensate Plaintiff at no less than one-and-one-half times the minimum wage for each hour worked in excess of 40 hours per week during each week of the Relevant Time Period was willful within the meaning of 29 U.S.C. § 255(a).

53.

Defendants' failure to compensate Plaintiff at no less than one-and-one-half times the minimum wage for each hour worked in excess of 40 hours per week during each week of the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

**CLAIMS FOR RELIEF**

**COUNT ONE - VIOLATION OF 29 U.S.C. §§ 206 AND 215**

54.

The foregoing paragraphs are incorporated herein by this reference.

55.

At all times during the Relevant Time Period, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

56.

At all times during the Relevant Time Period, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

57.

At all times during the Relevant Time Period, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as required by the FLSA.

58.

Defendants are liable to Plaintiff for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

59.

Defendants are also liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

Defendants are also liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

### COUNT TWO - VIOLATION OF 29 U.S.C. §§ 207 AND 215

61.

The foregoing paragraphs are incorporated herein by this reference.

62.

At all times during the Relevant Time Period, Plaintiff was an employee covered by the FLSA and entitled to the overtime wage protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

63.

At all times during the Relevant Time Period, Defendants failed to compensate Plaintiff at one-and-one-half times the federal minimum wage for each hour worked in excess of 40 hours per week during each workweek, as required by the FLSA.

64.

At all times during the Relevant Time Period, Defendants willfully failed to compensate Plaintiff at one-and-one-half times the federal minimum wage for each hour worked in excess of 40 hours per week during each workweek, as required by the FLSA.

65.

Defendants are liable to Plaintiff for all unpaid overtime wages for each hour worked in excess of 40 hours per week during each workweek during the Relevant Time Period, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

66.

Defendants are also liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

Defendants are also liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding each of the Defendants to be Plaintiff's "employer" as that term is defined under the FLSA;

(c) Issue a judgment declaring that Plaintiff was covered by the minimum wage provisions of the FLSA and that Defendants have failed to comply with the minimum wage requirements of the FLSA;

(d) Award Plaintiff all unpaid minimum wages for each hour worked during the Relevant Time Period, and liquidated damages equaling 100% of her unpaid minimum wages;

(e) Issue a judgment declaring that Plaintiff was covered by the overtime wage provisions of the FLSA and that Defendants have failed to comply with the overtime wage requirements of the FLSA;

(f) Award Plaintiff all unpaid overtime wages for each hour worked in excess of 40 hours in each workweek during the Relevant Time Period, and liquidated damages equaling 100% of the unpaid overtime wages;

(g) Award Plaintiff pre-judgment interest on all amounts owed, to the extent that liquidated damages are not granted;

(h) Award Plaintiff post-judgment interest on all amounts owed;

(i) Award Plaintiff nominal damages;

(j) Award any and such other further relief this Court deems just, equitable and proper.

This 6th day of February 2017.

                                              Respectfully submitted,

                                              **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                                              */s/ Charles R. Bridgers*

3100 Centennial Tower               Charles R. Bridgers
101 Marietta Street, NW            Georgia Bar No. 080791
Atlanta, Georgia 30303
(404) 979-3150 Telephone          */s/ Matthew W. Herrington*
(404) 979-3170 Facsimile           Matthew W. Herrington
charlesbridgers@dcbflegal.com   Georgia Bar No. 275411
matthew.herrington@dcbflegal.com

                                              ATTORNEYS FOR PLAINTIFF